IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Emma J. MILLER, Attorney at Law.

Supreme Court

*No. 82–1937–D. Filed February 3, 1983.*
(Also reported in 329 N.W.2d 210.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license to practice law suspended.*

On October 21, 1982, the Board of Attorneys Professional Responsibility (Board) filed a complaint with the court alleging that Emma J. Miller, an attorney licensed to practice law in Wisconsin since 1978 and who practices in Milwaukee and Racine counties, neglected legal matters entrusted to her, in violation of SCR 20.32(3), and failed to provide information and respond to Board inquiries during its investigation of the matter, in violation of SCR 22.07. The complaint alleged that the respondent failed to comply with a federal court order to show cause, failed to attend a pretrial hearing and failed to notify her clients or the court that she would not attend the scheduled matters, all of which resulted in the dismissal of the action. It was also alleged that in 1980 the respondent commenced an action on behalf of a client but has failed to notify the client of the status of the matter and has not been available to the client. The complaint also alleged that the respondent failed to commence a bankruptcy action on behalf of a client, after having

received a $110 retainer to do so, that another client whom the respondent was defending on a theft charge did not appear in court, on the respondent's advice, and was later arrested on a bench warrant, that the respondent neglected to pursue worker compensation and social security disability claims on behalf of a client, that she failed to pursue another client's employment discrimination claim, after accepting a $300 retainer to do so, and that she failed to prepare tax returns for another client, after having received $35 from the client to do so.

We referred the matter to the Hon. Robert P. Harland as referee, pursuant to SCR 21.09(4). The respondent filed an answer in which she denied the allegations of unprofessional conduct set forth in the complaint and affirmatively alleged that she had been ill and unable to discharge some of her professional responsibilities because of her resulting disability. Subsequently, on December 15, 1982, the parties entered into a stipulation by the terms of which the respondent withdrew her answer and stated that any failures in performing her professional duties were substantially related to injury and illness. It was stipulated that her license to practice law be suspended indefinitely because she has suffered and is suffering a medical incapacity which adversely affects her ability to practice law. The respondent agreed to obtain an attorney, subject to approval of the Board, to act as custodian of all of her files and deliver them to any client who requests them. It was also stipulated that upon application for reinstatement of her license, all matters set forth in the complaint shall be relevant in determining whether her incapacity has been removed and whether she is fit to resume the practice of law. The respondent agreed to pay costs imposed in the discretion of the referee.

The referee filed his report and recommendation with the court on January 20, 1983, in which he made findings consistent with the terms of the stipulation and found

the allegations of facts set forth in the complaint to be established as the facts in this proceeding. The referee found that the respondent, at all times set forth in the complaint, was and since then has been suffering from a medical incapacity and that her actions in the matters set forth in the complaint constituted unprofessional conduct. The referee also found that the respondent's attorney who represented her in the disciplinary proceeding is a suitable person to take custody of the respondent's files and comply with the court's rules on the closing of practice of an attorney whose license has been suspended, and he found that the attorney has offered to do so.

The referee recommended that the respondent's license to practice law in Wisconsin be suspended indefinitely, that her attorney comply with the court's rules on the winding up of her practice on her behalf and that the provisions of SCR 22.27 dealing with medical incapacity shall apply in the event the respondent petitions for reinstatement of her license to practice law. Although the referee did not address the issue of costs in his report, we believe that the respondent should be held liable for the full amount of costs in this proceeding.

We hereby adopt the findings, conclusions and recommendation of the referee.

It is ordered that the license of Emma J. Miller to practice law in Wisconsin is suspended effective the date of this order and until further order of the court.

It is further ordered that within 60 days of the date of this order Emma J. Miller pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $531.